IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM C. POULTON,

        Petitioner,

        v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

        Respondent.

CASE NO. 2:15-CV-02352
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition;* Respondent's *Motion to Dismiss;* Petitioner's *Motion to Stay* and *Response in Opposition to Motion to Dismiss*; Respondent's *Reply* and *Opposition to Petitioner's Motion for Stay*; Petitioner's *Supplemental Memorandums in Support of Motion for Stay;* and the exhibits of the parties. Respondent has provided, in response to this Court's *Order, February 26, 2016* (ECF No. 14), *Supplemental Memorandums* regarding the current status of state court proceedings in this case. (See ECF Nos. 15, 17.) For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion to Stay* (ECF No. 9) be **GRANTED;** that Respondent's *Motion to Dismiss* (ECF No. 6) on grounds of exhaustion at this time be **DENIED;** and that Petitioner be **DIRECTED** advise the Court of the status of state court proceedings on his petition for post conviction relief every sixty (60) days.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

On January 10, 2013, Dresden Police Officer Scott Caldwell was on routine patrol when he observed an African–American male, later identified as Jeffrey Body, enter a residence at 801 Canal Street, in an area known for illegal drug activity. Officer Caldwell also noticed a Cadillac automobile moving through the area. A few minutes later, he returned to the area of the residence and saw a number of people in the middle of the street. Officer Caldwell then saw Body, with blood on his person, running away from the group of people. The officer notified the Muskingum County Sheriff's Office for assistance. Body thereafter told investigators that he had been jumped and robbed by three or four males. During the altercation, Body suffered several broken bones to his face and was robbed of his wallet and automobile.

After appellant was apprehended, he was interviewed by Detective Brady Hittle of the Muskingum County Sheriff's Office. The interview was recorded on DVD, as further analyzed *infra*.

On January 16, 2013, the Muskingum County Grand Jury indicted appellant on the following charges:

1) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(1), 2941.145, and 2941.149;

2) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(3), 2941.145, and 2941.149;

3) Felonious Assault with a firearm specification and repeat violent offender specification, a felony of the second degree, R.C. 2903.11(A)(1), 2941.145, and 2941.149;

4) Theft (motor vehicle), a felony of the fourth degree, R.C. 2913.02(A)(1);

5) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(2);

6) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(3);

7) Theft ($1,000–$7,500), a felony of the fifth degree, R.C. 2913.02(A)(1).

> Appellant appeared with his attorney for arraignment on January 23, 2013, at which time he entered pleas of not guilty to all of the aforesaid counts.
>
> On March 26, 2013, appellant's trial attorney filed a written motion to withdraw as counsel. The trial court denied said motion via judgment entry the next day.
>
> Prior to trial, the trial court asked the parties to brief whether certain portions of appellant's statements, made during his interview with Detective Hittle, were admissible under Evid. R. 410, concerning whether the statements may have been made in an effort to obtain a favorable plea. After reviewing the briefs and the DVD of the police interview and conducting a short hearing before the commencement of the trial, the court ruled that the statements should be admitted. See Tr. at 6–17.
>
> The case proceeded to a jury trial on May 30, 2013. After hearing the evidence and viewing the DVD of appellant's interview with Detective Hittle, the jury returned a verdict of guilty on all charges and specifications.
>
> At sentencing, the trial court found the following counts would merge: Counts One, Two, and Three; Counts Four and Seven; Counts Five and Six; all firearm specifications; and all repeat violent offender specifications. The court also found that Counts One and Two would merge with Counts Four and Seven. The trial court thereupon sentenced appellant to an aggregate prison term of sixteen years.
>
> Appellant herein raises the following two Assignments of Error:
>
> "I. THE TRIAL COURT ERRED IN ADMITTING STATEMENTS MR. POULTON MADE DURING THE COURSE OF PLEA DISCUSSIONS.
>
> "II. THE TRIAL COURT ERRED IN DENYING COUNSEL'S MOTION TO WITHDRAW, LEADING TO DENIAL OF MR. POULTON'S RIGHTS TO COUNSEL OR CHOICE OF COUNSEL."

*State v. Poulton*, No. CT2013-0030, 2014 WL 1341925, at *1-2 (Ohio App. 5th Dist. March 14, 2014). On March 14, 2014, the appellate court affirmed the judgment of the trial court. *Id*. On

June 11, 2014, the Ohio Supreme Court declined review. *State v. Poulton*, 139 Ohio St.3d 1420 (Ohio 2014).

On June 11, 2014, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 6-1, PageID# 216.) On August 18, 2014, the appellate court denied Petitioner's Rule 26(B) application. (PageID# 261.) Petitioner filed a motion for reconsideration. (PageID# 268.) On October 9, 2014, the appellate court denied the motion for reconsideration. (PageID# 273.) Petitioner did not file an appeal.

On December 19, 2013, Petitioner filed a petition to vacate or set aside sentence. (PageID# 274.) Petitioner asserted that he had been denied the effective assistance of counsel and the right to counsel of his choice. On July 9, 2015, the trial court denied the post conviction petition. (PageID# 294.) Petitioner filed a timely appeal which apparently remains pending.

On June 8, 2015, Petitioner filed the instant *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 11, 2015, Petitioner filed an *Amended Petition.* He asserts that the trial court improperly admitted the statements he made during plea negotiations (claim one); that he was denied his right to counsel of choice (claim two); that he was denied the effective assistance of counsel (claim three); that he was denied the effective assistance of appellate counsel (claim four); that the evidence is constitutionally insufficient to sustain his conviction on theft (claim five); that the indictment failed to provide him adequate notice of the charges against him (claim six); and that the trial court improperly forced Amy Poulton to testify against him (claim seven). It is the position of the Respondent that Petitioner's claims are unexhausted, procedurally defaulted, or otherwise fail to provide a basis for relief.

Petitioner requests a stay of proceedings pending exhaustion of his claims of the denial of the ineffective assistance of counsel and the right to counsel of choice. He has raised these

claims in a petition for post conviction relief which remains pending in the Ohio Court of Appeals.  Respondent opposes Petitioner's request.

## Exhaustion

Because Petitioner's post conviction appeal remains pending in the state courts, plainly, this action remains unexhausted.  Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  Where alternative state remedies are available to consider the same claim, however, exhaustion of one of these remedies is all that is necessary.  A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Where, as here, the statute of limitations may bar Petitioner from re-filing his habeas corpus petition after exhausting state remedies, this Court may stay habeas corpus proceedings where the Petitioner demonstrates "good cause" for failing to exhaust state remedies, his unexhausted claim is "potentially meritorious," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).  Here, nothing in the record suggests that Petitioner has engaged in intentionally dilatory litigation tactics.  To the contrary, Petitioner filed the *Petition to Vacate or Set Aside Judgment of*

*Conviction or Sentence* on December 19, 2013, in the state trial court. (ECF No. 6-1, PageID# 274.) He asserted that he was denied the effective assistance of counsel and the right to a fair trial, because his attorney refused to accept his calls, failed to interview or call defense witnesses, and failed to prepare a defense when Petitioner became unable to pay his attorneys fees. In a related claim, Petitioner asserted that he was unconstitutionally denied his right to counsel of choice, as the trial court denied counsels' subsequent motion to withdraw. Petitioner has submitted, *inter alia*, affidavits and a copy of an email from his attorney in support of his petition for post conviction relief. (PageID# 280-85.) In a *Judgment Entry* dated July 9, 2015, the trial court denied Petitioner's post conviction petition. (PageID# 294.) On July 27, 2015, Petitioner filed a *Motion for Findings of Fact and Conclusions of Law*. (PageID# 295.)[1] Petitioner thereafter filed a timely appeal. (PageID# 297.) However, on March 7, 2016, the appellate court dismissed Petitioner's appeal as premature, because the trial court had failed to make the statutorily required findings of fact and conclusions of law, finding that the July 9, 2015, *Judgment Entry* therefore did not constitute a final appealable order. *Opinion* (ECF No. 17-1, PageID# 829.)

Thus, it does not appear to be through any fault of the Petitioner that state post conviction proceedings remain pending. Petitioner therefore has established good cause for failing to exhaust his claims. Moreover, this Court is unable to conclude, based on the record currently before it, that Petitioner's claims are plainly without merit. *See Rhines v. Weber*, at 277 (a district court would abuse its discretion if it were to grant a stay when the unexhausted claims are plainly meritless).

---

[1] Petitioner also indicates that he filed a petition for writ of procedendo, unsuccessfully seeking an order compelling the trial court to issue findings of fact and conclusions of law. *Petitioner's Supplemental Memorandum in Support of Motion for Stay* (ECF No. 16, PageID# 818.)

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion to Stay* (ECF No. 9) be **GRANTED;** that Respondent's *Motion to Dismiss* (ECF No. 6) on grounds of exhaustion at this time be **DENIED;** and that Petitioner be **DIRECTED** advise the Court of the status of state court proceedings on his petition for post conviction relief every sixty (60) days.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ *Elizabeth A. Preston Deavers*_
Elizabeth A. Preston Deavers
United States Magistrate Judge
