IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM C. POULTON,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-02352
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On June 1, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion to Stay* (ECF No. 9) be granted, that Respondent's *Motion to Dismiss* on grounds of exhaustion be denied, and that Petitioner be directed to advise the Court of the status of state court proceedings on his petition for post-conviction relief every sixty (60) days. (ECF No. 19.) Although the parties were advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, no objections have been filed.

Petitioner has filed a *Motion to Amend Petition for Writ of Habeas Corpus* and *Motion to Supplement the State Court Record.* (ECF No. 20.) Petitioner seeks to amend his § 2254 petition to include a claim of ineffective assistance of trial counsel based on his attorney's failure to investigate a defense witness who could have established an alibi defense and failure to file a notice of alibi. Petitioner acknowledges that he has never presented such a claim to the state courts. He contends, however, that he has established cause for any procedural default based on the denial of counsel in post-conviction proceedings. Petitioner has attached to his motion the *Affidavit of Jim Barnard.* (PageID# 868.) Barnard indicates that, on January 10, 2013, he was

working as a bartender at the Puthnam Tavern Bar & Grill in Zanesville, Ohio, and that Petitioner was at the bar between the hours of 1:00 and 3:00 a.m. In April 2013, Barnard made several attempts to contact Petitioner's attorney, Todd A. Long, and left several messages at counsel's office, but Mr. Long never returned Barnard's calls. (*Id.*) Petitioner moves to supplement the record with Barnard's affidavit in support of his proposed amended claim of ineffective assistance of counsel.

Respondent opposes Petitioner's request. It is the position of the Respondent that this Court should deny Petitioner's motion to amend based on Petitioner's undue delay, and because any amendment would be futile, as Petitioner has procedurally defaulted his proposed amended claim of ineffective assistance of counsel. *See Respondent's Response to Petitioner's Second Motion to Amend Petition and Supplement the State Court Record.* (ECF No. 21.)

Given that this matter will be stayed until Petitioner exhausts his claims, his *Motion to Amend Petition for Writ of Habeas Corpus* and *Motion to Supplement the State Court Record,* (ECF No. 20), is **DENIEDWITHOUT PREDJUCIE.** Petitioner may renew his request, if he so chooses, when he has exhausted his state court remedies and returns to this Court. The Court then, if appropriate, will address Respondent's arguments that the amendment is both unduly delayed and futile.

The *Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion to Stay* (ECF No. 9) is **GRANTED.** Respondent's *Motion to Dismiss* (ECF No. 6) is **DENIED.** Petitioner shall advise the Court of the status of state court proceedings every sixty (60) days. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

                                                                8-3-2016
                                     EDMUND A. SARGUS, JR.
                                     Chief United States District Judge