IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM C. POULTON,

    Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,[1]

    Respondent.

CASE NO. 2:15-CV-02352
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On August 8, 2016, the Court issued an *Opinion and Order* granting Petitioner's *Motion to Stay* (ECF No. 9), and staying proceedings pending Petitioner's exhaustion of his claims. (ECF No. 24.) Petitioner has filed a *Motion to Terminate Stay and Motion to Supplement the State Court Record* (ECF No. 32); *Motion for Leave to Amend/Correct* (ECF No. 33); *Motion to Appoint Counsel* (ECF No. 34); and *Motion to Limit Discovery* (ECF No. 35).

For the reasons that follow, Petitioner's *Motion to Terminate Stay and Motion to Supplement the State Court Record* (ECF No. 32), are **GRANTED**. The *Motion for Leave to Amend/Correct* (ECF No. 33), is **GRANTED,** with the exception of Petitioner's additional claims regarding alleged errors in post-conviction proceedings. Petitioner's *Motion to Appoint Counsel* (ECF No. 34), is **DENIED**. Petitioner's *Motion to Limit Discovery* (ECF No. 35) is **DENIED**, without prejudice to renewal.

The stay is terminated, and proceedings are reinstated.

---

[1] Petitioner is apparently currently incarcerated at the Noble Correctional Institution, where Tim Buchanan is the warden and proper party respondent. *See Response to Motion to Amend/Correct Petition for Writ of Habeas Corpus* (ECF No. 36, PageID# 943, n.1.)

Respondent shall file a Response to the amended petition in accordance with the provisions of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one (21) days. Petitioner may file a Traverse within fifteen (15) days thereafter.

**Motion to Terminate Stay and Amend Petition**

On August 8, 2016, the Court granted Petitioner's request for a stay pending Petitioner's completion of state post-conviction proceedings and exhaustion of his claims. On January 9, 2017, however, the Ohio Fifth District Court of Appeals affirmed the trial court's denial of Petitioner's petition for post conviction relief. *State v. Poulton,* No. CT2016-0023, 2017 WL 90630 (Ohio App. 5th Dist. Jan. 9, 2017). On May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Poulton*, 149 Ohio St.3d 1421 (Ohio 2017). Based on the present record, Petitioner therefore has now exhausted his claims.

The motion to terminate the stay (ECF No. 32) is **GRANTED**. The stay is terminated, and proceedings are reinstated.

Petitioner has filed a *Motion for Leave to Amend/Correct Petition for Writ of Habeas Corpus*. (ECF No. 33.) In it, Petitioner asserts that he was denied due process because of the improper admission of statements he made during the course of plea negotiations (claim one); that he was denied due process because the trial court refused to permit defense counsel to withdraw after a complete breakdown in the attorney-client relationship (claim two); that he was denied the right to the effective assistance of trial counsel because his attorney failed to investigate and interview potential witnesses (claim three); and that he was denied due process when the state trial court denied Petitioner's motion for the appointment of counsel and expert

assistance (claim four). Respondent opposes Petitioner's motion to amend the Petition to the extent that it raises any claim of an alleged error in post-conviction proceedings.

Respondent correctly notes that errors in state post-conviction proceedings do not provide a basis for federal habeas corpus relief. "The Sixth Circuit has held that claims challenging state post-conviction proceedings are not subject to review under the federal habeas corpus statute[.]" *Crockett v. Sloan*, No. 1:16-cv-00550, 2017 WL 1058741, at *10 (N.D. Ohio Jan. 9, 2017) (citing *Kirby v. Dutton*, 794 F.2d 245, 246–247 (6th Cir. 1986)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id*. at 246 (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)).

> Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247; *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby*, 794 F.2d at 247–48.

*Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990-91 (S.D. Ohio 2009) (footnote omitted). *See also Leonard v. Warden, Ohio State Penitentiary,* 846 F.3d 832, 854 (6th Cir. 2017) (federal habeas corpus does not lie for challenges to a state's scheme of post-conviction relief) (citing *Greer v. Mitchell*, 264 F.3d at 681) (citing *Kirby v. Dutton*, 794 F.2d at 246; *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration") (internal citations omitted)). "Errors or deficiencies in post conviction proceedings are not properly considered in habeas corpus proceedings." *Hayden v. Warden, Marion Correctional Institution*,

No. 2:15-cv-2927, 2016 WL 2648776, at *3 (S.D. Ohio May 10, 2016) (citations omitted); *see also Bollar v. Miller*, No. 4:09-cv-472, 2009 WL 5217098, at *8 (N.D. Ohio Dec. 30, 2009) ("Such a request is the quintessential example of what is not cognizable in a federal habeas petition.") (citations omitted). Therefore, to the extent that Petitioner intends to raise a claim regarding any alleged errors in post conviction proceedings, his motion to amend is **DENIED**.

### Request for Counsel

Petitioner requests the appointment of counsel. The United States Supreme Court has held that a prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today."). Habeas proceedings are considered to be civil in nature, and a petitioner has no constitutional right to counsel in habeas corpus proceedings. *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)); *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999)); 18 U.S.C. § 3006A(a)(2)(B) provides, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28." "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted). "[T]he Court has broad discretion in determining whether counsel should be appointed." *Valsadi v. Sheldon*, No. 3:11cv2014, 2014 WL 4956173, at *4 (N.D. Ohio Sept. 26, 2014) (citing *Childs v. Pellegrin*,

822 F.2d 1382, 1384 (6th Cir. 1987)). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a petitioner's claims. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. In making the determination as to whether to exercise its discretion in appointing counsel on a petitioner's behalf, the Court should consider "the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors." *Mathhews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Feb. 10, 2015) (citations omitted). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Reeves v. Lee,* No. 1:13-cv-01026, 2016 WL 890950, at *2 (W.D. Tenn. March 8, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

It does not appear at this time that an evidentiary hearing will be required to resolve Petitioner's claims or that this case is so unduly complex that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. Further, the record indicates that Petitioner has capably pursued various state court actions regarding his claims and, to date, he has more than adequately presented his arguments on his own behalf in these proceedings. Therefore, Petitioner's request for the appointment of counsel (ECF No. 34) is **DENIED**, without prejudice to renewal at a later date.

**Motion for Discovery**

Petitioner has also filed a motion requesting that Respondent be required to supplement the record with a copy of his videotaped statement to Detective Brady Hittle. Petitioner contends that this document will assist him in establishing his allegations in claim one, in which Petitioner asserts that the trial court improperly permitted admission of statements that Petitioner made to

police while under the belief that he was engaged in plea negotiations. Respondent indicates that the DVD exhibit Petitioner seeks has been made a part of the record in the state appellate court, but nonetheless opposes Petitioner's request on the basis that Petitioner has procedurally defaulted this claim or it is not cognizable, and a copy of the DVD therefore will not assist him. *Respondent's Opposition to Petitioner Adam Poulton's Emergency Motion to Limit Discovery to Relevant Evidence* (Doc. 37, PageID# 949-50; Doc. 6-2, *Trial Transcript Vol. I*, PageID# 314.)

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the Respondent "must attach to the answer parts of the transcript that the respondent considers relevant" as well as other documents, including briefs submitted by the Petitioner and the prosecution, and the opinions and dispositive orders of the state appellate court. The Court may require the Respondent to "furnish other parts of existing transcripts or [] parts of untranscribed recordings[.]" Rule 5(c), (d), Rules Governing Section 2254 Cases.

However, it does not now appear that the DVD of Petitioner's interview with police will assist the Court in determining whether Petitioner has committed a procedural default, or whether the claim presents a cognizable issue such that Petitioner may be entitled to relief. Petitioner's *Motion to Limit Discovery* (ECF No. 35) therefore at this time is **DENIED**, without prejudice to renewal.

Petitioner's *Motion to Terminate Stay and Motion to Supplement the State Court Record* (ECF No. 32), is **GRANTED**. The *Motion for Leave to Amend/Correct* (ECF No. 33), is **GRANTED,** except to the extent that Petitioner raises additional claims regarding alleged errors in post-conviction proceedings. The *Motion to Appoint Counsel* (ECF No. 34), and *Motion to Limit Discovery* (ECF No. 35) are **DENIED**.

The **STAY** previously imposed by the Court is **TERMINATED**, and proceedings are reinstated.

Respondent shall file a Response to the amended petition in accordance with the provisions of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one (21) days. Petitioner may file a Traverse within fifteen (15) days thereafter.

**IT IS SO ORDERED**.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge