IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADAM C. POULTON,

    Petitioner,

v.

TIM BUCHANAN, WARDEN,
NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:15-cv-2352
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On April 30, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 44.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 45.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 45) is **OVERRULED**. The *Report and Recommendation* (ECF No. 44) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Muskingum County Court of Common Pleas on charges of aggravated robbery, felonious assault, theft, and having a weapon while under disability, with firearm and repeat violent offender specifications. He asserts that he was denied due process by admission of statements he made during plea negotiations (claim one); that he was denied due process because the trial court refused to permit his attorney to withdraw after a breakdown in the attorney-client relationship (claim two); and that he was denied the effective assistance of counsel because his attorney failed to investigate and interview

potential witnesses (claim three). The Magistrate Judge recommended dismissal of the foregoing claims as without a basis for relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of the denial of the effective assistance of counsel. Specifically, Petitioner complains that his attorney failed to subpoena Officer Ross, who could have impeached the testimony of Randy Clapper, who denied that he had told police that Petitioner requested a ride from the lighthouse in South Zanesville. Also, Petitioner contends that Joseph Roth, a co-defendant, would have testified that Petitioner was innocent, and did not participate in the crimes charged. Petitioner claims that Detective Hittle threatened prosecution witnesses into testifying against him. Petitioner requests this Court's consideration of the Affidavits of Jim Barnard, Amy Poulton, and Linda Sowers, which he has attached, in support. Petitioner states that the state courts must have lost or misplaced Barnard's Affidavit, and that and that he could not earlier obtain Poulton's Affidavit in support

Preliminarily, Petitioner does not refer to, and the Court is unable to locate, any record documentation indicating that Officer Ross would have impeached Clapper's trial testimony. The record reflects, however, that Petitioner first asserted that his attorney performed in a constitutionally ineffective manner by failing to subpoena Officer Ross in his post conviction appeal, *see Merit Brief of Appellant* (ECF No. 40-1, PAGEID # 1329), but he did not raise it in the trial court below, and the state appellate court did not address the issue. *See State v. Poulton*, No. CT2016-0023, 2016 WL 90630 (Ohio App. 5th Dist. March 14, 2014). Petitioner therefore has waived this claim for review in these proceedings. *See Adams v. Burton*, No. 16-1476, 2016 WL 661219, at *2 (6th Cir. 2016) (petitioner procedurally defaulted his claim by failing to raise it in the trial or intermediate appellate court); *Johnson v. Parker*, No. 3:08-cv-806, 2011 WL

2

4625579, at *9 (M.D. Tenn. Sept. 30, 2011) (claims waived due to petitioner's failure to comply with state procedural rules for preserving claims in the state trial court). Additionally, Petitioner failed to raise the issue on direct appeal, where he was represented by new counsel. Petitioner likewise has procedurally defaulted the claim on this basis. *See Johnson v. Warden, Ross Correctional Inst.*, No. 2:17-cv-0121, 2018 WL 388079, at *26 (S.D. Ohio Jan. 11, 2018) (the failure to raise on-the-record claims on direct appeal waives them for purposes of federal habeas corpus review). The record does not indicate that Petitioner can establish cause and prejudice to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986). Further, in view of the substantial evidence of guilt – including the testimony of Amy Johnson, Chad Bocook, and Petitioner's own admission to police – the record does not indicate that this proposed impeachment testimony would have assisted the defense. Additionally, this Court cannot consider the Affidavits of Barnard or Poulton, because consideration of Petitioner's claim is limited to the record presented to the state appellate court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (review under 28 U.S.C. § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits). Nothing in the record supports Petitioner's allegation that state actors lost or misplaced Barnard's Affidavit. To the contrary, the record does not indicate that Petitioner referred to Barnard's proposed testimony in his post conviction petition, or in any subsequent filings related to that action. (*See* ECF Nos. 33, 39, 41, 43, 45, 48, 50, 53.) The record likewise does not indicate that any potential defense witnesses or further investigation would have assisted the defense such that his attorney performed in a constitutionally ineffective manner under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Affidavit* of Amy Poulton recanting her trial testimony is dated March 6, 2018 (ECF No. 43-1, PAGEID # 1480). In it, Poulton says that she lied when she testified against

Petitioner, because she was threatened by police, and afraid she would lose her children, who are now adults. (PAGEID # 1479.) That being the case, counsel did not perform in a constitutionally ineffective manner by failing to earlier obtain her recantation of her testimony against Petitioner. In any event, courts view these types of recanting affidavits with suspicion:

> Recantation testimony, particularly when it is belatedly submitted, is considered "of little value" and "viewed with great suspicion." *See Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006) (and cases cited therein). *See also Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring) (holding that the petitioner had failed to demonstrate a credible claim of actual innocence "under the demanding *Schlup* standard" given that "recanting affidavits are always viewed with 'extreme suspicion' " and "new statements from witnesses years after the crime are inherently suspect" and "are to be viewed with a 'degree of skepticism' "); *Byrd v. Collins*, 209 F.3d 486, 508 n. 16 (6th Cir. 2000)(" 'Recanting affidavits and witnesses are viewed with extreme suspicion by the courts.' ") (quoting *Spence v. Johnson*, 80 F.3d 989, 997 (5th Cir. 1996)); *Gray v. Hudson*, 2008 WL 1995362, at *7 (N.D. Ohio May 5, 2008) (Boyko, J.)(stating that "the inherent suspiciousness of the recanting affidavits [of prosecution witnesses] coupled with their late filing more than three years after conviction and the lack of explanation as to why they were filed so late" failed to demonstrate "new reliable evidence" of the petitioner's actual innocence); *Cleveland*, 65 F.Supp.3d at 523 ("[A] recantation must be looked upon with the utmost suspicion")(quoting *Ortega v. Duncan*, 333 F.3d 102, 107 (2nd Cir. 2003)). This is particularly so where a "recantation is repudiated and a new one substituted." *Campbell v. Curtis*, 2008 WL 4104346 at *6 (E.D. Mich. Aug. 29, 2008) (quoting *U.S. v. Brown*, 417 F.Supp. 340, 343 (E.D. Pa. 1976)).

*Davis v. Bradshaw*, No. 1:14-cv-2854, 2016 WL 8257676, at *29 (N.D. Ohio June 16, 2016).

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 45) is **OVERRULED**. The *Report and Recommendation* (ECF No. 44) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal

4

court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S.—. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as waived and without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

6-15-2018
EDMUND A. SARGUS, JR.
Chief United States District Judge